UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| BARBARA A. EKEREN, | ) | CIV. 10-5007-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

On January 23, 2008, Plaintiff Barbara A. Ekeren applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33, 1381-83f (2006), respectively. (Administrative Record, pp. 124-131 and 134-37).[1] Plaintiff previously applied for DIB and SSI on May 21, 2007. (Docket 18 ¶ 1, n. 1). The Commissioner denied those applications initially and on reconsideration. Id. Plaintiff did not appeal those earlier decisions. Id.

Plaintiff was allegedly disabled since July 31, 2006, due to a herniated disc in her back and right knee pain. (Docket 18 ¶ 2). After denial of her application, an Administrative Law Judge ("ALJ") held an evidentiary hearing

---

[1]The court will cite to information in the administrative record by referencing "AR, p. ____." The parties filed a Joint Statement of Material Facts ("JSMF") (Docket 18).

on June 30, 2009.  Id.  On August 12, 2009, the ALJ concluded Ms. Ekeren was not disabled and denied her benefits.[2]  Id.; see also AR, pp. 6-22.  The Appeals Council denied plaintiff's request for review.  (Docket 18 ¶ 3).  The decision of the ALJ became the final decision of the Commissioner.  Id. Plaintiff timely filed her complaint in district court.  (Docket 1).

The court issued a briefing schedule requiring the parties to file a joint statement of material facts ("JSMF").  (Docket 11).  If there were any disputed facts, the parties were required to attach a separate joint statement of disputed facts.  Id.  The parties filed their JSMF.  (Docket 18).  Plaintiff then filed a motion for an order reversing the decision of the Commissioner.  (Docket 24). Following briefing,[3] the motion is ripe for resolution.

For the reasons stated below, the motion is denied and the decision of the Commissioner is affirmed.

## FACTUAL AND PROCEDURAL HISTORY

The parties' JSMF (Docket 18) is incorporated by reference.  Further recitation of salient facts is included in the discussion section of this order.

---

[2]The ALJ found Ms. Ekeren met the insured status requirement for benefits through December 31, 2010.  (Docket 18 ¶ 3).

[3]Plaintiff raised a number of collateral issues in her reply brief (Docket 27, p. 4) which were not addressed in her initial brief and will not be considered.  See Jenkins v. Winter, 540 F.3d 742, 751 (8th Cir. 2008) ("Claims not raised in an opening brief are deemed waived.").

**STANDARD OF REVIEW**

The Commissioner's findings must be upheld if they are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006). The court reviews the Commissioner's decision to determine if an error of law was committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992).

"Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Cox v. Barnhart, 471 F.3d 902, 906 (8th Cir. 2006) (internal citation and quotation marks omitted). Substantial evidence is evidence that a reasonable mind might accept as adequate to support the Commissioner's decision. Choate, 457 F.3d at 869 (quoting Ellis v.Barnhart, 392 F.3d 988, 993 (8th Cir. 2005)). The review of a decision to deny disability benefits is "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision . . . [the court must also] take into account whatever in the record fairly detracts from that decision." Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir. 2005) (quoting Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001)).

It is not the role of the court to re-weigh the evidence and, even if this court would have decided the case differently, it cannot reverse the Commissioner's decision if that decision is supported by good reason and is

based on substantial evidence. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). A reviewing court may not reverse the Commissioner's decision " 'merely because substantial evidence would have supported an opposite decision.' " Reed, 399 F.3d at 920 (quoting Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995)).

## DISCUSSION

"Disability" is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment [or combination of impairments] which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Although SSI is not payable prior to the month following the month in which the application was filed, the ALJ is required to considered a claimant's complete medical history. 20 CFR §§ 416.335 and 416.912(d).

The Social Security Administration established a five-step sequential evaluation process for determining whether an individual is disabled.[4] 20 CFR §§ 404.1520(a)(4) and 416.920(a)(4).[5] If the ALJ determines a claimant

---

[4]The same five-step analysis determines eligibility for DIB benefits as well as for SSI benefits. House v. Astrue, 500 F.3d 741, 742 n.1 (8th Cir. 2007).

[5]All references will be to part 404, which addresses DIB claims under Title II and the parallel citations for SSI claims are in part 416 under Title XVI of the Act.

is not disabled at any step of the process, the evaluation does not proceed to the next step as the claimant is not disabled.  Id.  The five-step sequential evaluation process is:

> (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment—one that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the residual functional capacity to perform . . . past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform.

Baker v. Apfel, 159 F.3d 1140, 1143-44 (8th Cir. 1998).  The ALJ applied the five-step sequential evaluation required by the Social Security Administration regulations.  (Docket 18 at ¶ 3).

THE FIRST STEP

At step one, the ALJ must determine if the claimant is engaging in substantial gainful activity ("SGA").  20 CFR §§ 404.1520(b) and 416.920(b).  SGA is defined as "work activity that is both substantial and gainful."  20 CFR §§ 404.1572 and 416.972.  "Substantial work activity is work activity that involves significant physical or mental activities."  20 CFR §§ 404.1572(a) and 416.972(a).  "Gainful work activity is work that is usually done for pay or profit, whether or not a profit is realized."  20 CFR §§ 404.1572(b) and 416.972(b).  If an individual has earnings from employment or self-employment above a

specific level set out in the regulations, it is presumed claimant has demonstrated the ability to engage in SGA and is not disabled. 20 CFR §§ 404.1574, 404.1575, 416.974 and 416.975. If claimant is not engaging in SGA, the analysis proceeds to step two.

The ALJ determined Ms. Ekeren had not been engaged in substantial gainful activity since December 18, 2006. (Docket 18 at ¶ 3). Thus, the evaluation proceeds to step two.

THE SECOND STEP

At step two, the ALJ must decide whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. 20 CPR §§ 404.1520(c) and 416.920(c). A medically determinable impairment can only be established by an acceptable medical source. 20 CFR §§ 404.1513(a) and 416.913(a). Accepted medical sources include, among others, licensed physicians. Id. An impairment or combination of impairments is severe if it significantly limits an individual's ability to perform basic work activities. 20 CFR §§ 404.1521 and 416.921. Basic work activities focus on "the abilities and aptitudes necessary to do most jobs." Id. at subsection (b). Examples of those abilities and aptitudes are:

 (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

 (2) Capacities for seeing, hearing, and speaking;

>   (3)   Understanding, carrying out, and remembering simple instructions;
>
>   (4)   Use of judgment;
>
>   (5)   Responding appropriately to supervision, co-workers and usual work situations; and
>
>   (6)   Dealing with changes in a routine work setting.

Id. If a claimant has a severe impairment or combination of impairments which are severe, the analysis continues to step three.

At step two, the ALJ found Ms. Ekeren had degenerative disc disease of the lumbar spine, a "severe" impairment under the regulations. (Docket 18 at ¶ 3). The evaluation then proceeds to step three.

THE THIRD STEP

At step three, the ALJ determines whether claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. 20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926. If a claimant's impairment or combination of impairments meets or medically equals the criteria for one of the impairments listed and meets the duration requirement of 20 CFR §§ 404.1509 and 416.909, claimant is considered disabled. If not covered by these criteria, the analysis is not over, and the ALJ proceeds to the next step.

The ALJ determined Ms. Ekeren did not have an impairment or combination of impairments which met or were medically equal to one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (Docket 18 at ¶ 3). Ms. Ekeren does not challenge that conclusion. (Docket 25).

THE FOURTH STEP

Before considering step four of the evaluation process, the ALJ is required to determine a claimant's residual functional capacity ("RFC"). 20 CFR §§ 404.1520(e) and 416.920(e). RFC is a claimant's ability to do physical and mental work activities on a sustained basis despite any limitations from her impairments. 20 CFR §§ 404.1545(a)(1) and 416.945(a). In making this finding, the ALJ must consider all of the claimant's impairments, including those which are not severe. 20 CFR §§ 404.1545(e) and 416.945(e). All of the relevant medical and non-medical evidence in the record must be considered. 20 CFR §§ 404.1520(e), 404.1545, 416.920(e), and 416.945.

In determining a claimant's RFC, the ALJ considers any medical opinions and claimant's degree of functional limitation. 20 CFR §§ 404.1545(e) and 416.927(a)(1) and (d). "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [claimant's] impairment(s), including [claimant's] symptoms, diagnosis, and prognosis, and what [claimant] can still do despite

8

the impairment(s), and . . . physical or mental restrictions." 20 CFR §§ 404.1527(a)(2) and 416.927(a)(2). In weighing medical opinion evidence, the ALJ must consider the factors set forth in the regulations. 20 CFR §§ 404.1527(d) and 416.927(d).

"The ALJ should determine a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." Lacroix v. Barnhart, 465 F.3d 881, 887 (8th Cir. 2006) (quoting Strongson v. Barnhart, 361 F.3d 1066, 1070 (8th Cir. 2004)); see also Cox v. Astrue, 495 F.3d 614, 619 (8th Cir. 2007) (because RFC is a medical question, the ALJ's decision must be supported by some medical evidence of a claimant's ability to function in the workplace, but the ALJ may consider non-medical evidence as well); Guilliams, 393 F.3d at 803 ("RFC is a medical question, and an ALJ's finding must be supported by some medical evidence."). The ALJ "still 'bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence.' " Guilliams, 393 F.3d at 803 (quoting Roberts v. Apfel, 222 F.3d 466, 469 (8th Cir. 2000)).

Medical opinions are considered evidence which the ALJ must evaluate in determining whether a claimant is disabled, the extent of the disability, and the claimant's RFC. 20 CFR §§ 404.1527(a)(2) and 416.927(a)(2). All medical opinions are evaluated according to the same criteria, summarized as follows:

9

1. whether the opinion is consistent with other evidence in the record;

2. whether the opinion is internally consistent;

3. whether the person giving the medical opinion examined the claimant;

4. whether the person giving the medical opinion treated the claimant;

5. the length of the treating relationship;

6. the frequency of examinations performed;

7. whether the opinion is supported by relevant evidence, especially medical signs and laboratory findings;

8. the degree to which a non-examining or non-treating physician provides supporting explanations for their opinions and the degree to which these opinions consider all the pertinent evidence about the claim;

9. whether the opinion is rendered by a specialist about medical issues related to his or her area of specialty; and

10. whether any other factors exist to support or contradict the opinion.

See 20 CFR §§ 404.1527(a)-(d) and 416.927(a)-(f); Wagner v. Astrue, 499 F.3d 842, 848 (8th Cir. 2007).

Ms. Ekeren's past work experience was as a customer order clerk, a secretary, a customer service clerk, a customer complaint clerk and a data entry clerk. (Docket 18 at ¶ 4). See also Docket 18 ¶ 48 (plaintiff's "prior employment as a materials handler was classified as heavy, her job as [a]

machine operator was classified as medium, and her job as a lab tester/sawdust inspector was light.").

At step four, the ALJ found Ms. Ekeren had the residual functional capacity for sedentary work[6] which allowed her to alternate between sitting, standing, or walking every half hour to three-quarters of an hour, push/pull at the same exertional level as lifting/carrying, frequently balance, and occasionally climb stairs or ramps (but never ladders, ropes, or scaffolds).[7] (Docket 18 at ¶ 3). The ALJ found Ms. Ekeren was able to perform her past relevant work as a customer order clerk, secretary, and customer complaint clerk and was not disabled under the regulations. Id. at ¶ 3.

Ms. Ekeren argues the ALJ "discounted the records and evidence from Plaintiff's treating physician, Dr. Wayne Anderson." (Docket 25, p. 1). Without

---

[6]Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 CFR §§ 404.1567(a) and 416.967(a).

[7]The ALJ specifically found "that [Ms. Ekeren] has the residual functional capacity to: occasionally lift and/or carry 10 pounds and frequently lift and/or carry up to 10 pounds; stand and/or walk for 2 to 4 hours in an 8-hour workday (with normal breaks); sitting for about 6 hours in an 8-hour work day (with normal breaks) and be able to alternate between sitting, standing, or walking every half hour to three-quarters of a hour; push/pull at same exertional level as lift and/or carry; occasionally climb stairs or ramps but never climb ladders/ropes/scaffolds; frequently balance; occasionally stoop, kneel, crouch, or crawl; no concentrated exposure to extreme cold and no exposure to ladders, ropes, or scaffolds or unprotected heights." (AR p. 16).

going through the treating physicians' medical records[8] in detail, on April 17, 2008, Dr. Anderson reported Ms. Ekeren "could lift/carry 15 pounds occasionally, occasionally climb stairs, stoop, crouch, bend, and twist, and rarely climb and kneel. . . . [and] needed to alternate between sitting, standing, and walking every 30 minutes or as needed." (Docket 18 at ¶ 38). In this report, Dr. Anderson stated "due to her ongoing chronic pain and physical limitations, she was 'permanently restricted' to a four-hour workday, not to exceed 20 hours per week." Id.

On June 17, 2009, Dr. Anderson reported Ms. Ekeren's physical condition just two weeks before the evidentiary hearing. In this report, Dr. Anderson stated:

> [Ms. Ekeren] could frequently lift and carry up to ten pounds, occasionally lift and carry up to 20 pounds . . . . could sit, stand, and walk for 30 minutes each . . . . in an eight-hour day, Plaintiff could sit for two hours and stand and walk for one hour each. . . . could only occasionally push/pull, operate foot controls, climb stairs/ramps, stoop, kneel, and crouch. . . . could never climb ladders of scaffolds or crawl. . . . could occasionally be exposed to unprotected heights, operate a vehicle, or be exposed to temperature extremes or vibrations. . . . could shop, travel without assistance, ambulate, walk a block at a reasonable pace, use public transportation, climb a few steps, prepare a simple meal, care for her personal hygiene, and sort, handle, and use paper files.

(Docket 18 at ¶ 41). Dr. Anderson reported "these limitations were present as of July 21, 2006." Id.

---

[8] See Docket 18 ¶¶ 5-28, 30-31, 34-37, and 40.

"A treating physician's opinion is given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." House v. Astrue, 500 F.3d 741, 744 (8th Cir. 2007) (citation and internal quotation marks omitted). However, "while entitled to special weight, it does not automatically control, particularly if the treating physician evidence is itself inconsistent." Id. (citations and internal quotation marks omitted). If the treating physician's opinion is not given controlling weight under 20 CFR §§ 404.1527(d)(2) and 416.927(d)(2), it must be weighed considering the factors in 20 CFR §§ 404.1527(d)(2)-(6) and 416.927(d)(2)-(6). See Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003) ("Where controlling weight is not given to a treating source's opinion, it is weighed according to the factors enumerated . . . ."). The ALJ must "give good reasons for discounting a treating physician's opinion." Dolph v. Barnhart, 308 F.3d 876, 878-79 (8th Cir. 2002).

The ALJ declined to give Dr. Anderson's opinions controlling weight. The ALJ made specific findings about the reason he chose to not accept Dr. Anderson's opinions to the exclusion of the other evidence. The ALJ concluded "Dr. Anderson's opinion that the claimant is only able to work 4 hours a day is not supported by any objective medical findings. He does not cite any symptoms and clinical findings in the residual functional capacity assessment." (AR, p. 21). The ALJ gave "some weight to Dr. Anderson's

13

opinion regarding the claimant's exertional and nonexertional limitations but [gave] no weight to his opinion that she can only work part-time. The objective medical findings do not support that conclusion." Id.

Dr. Anderson did not give any medical reason why he felt Ms. Ekeren should be limited to four hours of work per day, nor did he reference any portion of his own medical records or the records of other physicians to support that conclusion. Dr. Anderson's own report of June 17, 2009, is inconsistent with the four hours per day work restriction. "[W]hen a treating physician's opinions are inconsistent [with] . . . the medical evidence as a whole, they are entitled to less weight." Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002) (citations omitted).

Ms. Ekeren argues the ALJ did not give sufficient weight to the testimony of Dr. Brett Lawlor, a board certified physiatrist. (Docket 25, pp. 1-2). However, Dr. Lawlor did not make any specific recommendation concerning Ms. Ekeren's work-related physical activities. See Docket 18 ¶¶ 6, 8-9, 13-14, 20, and 24. In addition, Dr. Lawlor's last consultation occurred on October 26, 2006, two years and eight months before the evidentiary hearing. See Docket 18 ¶ 24.

The ALJ acknowledged Ms. Ekeren suffered from degenerative disc disease of the lumbar spine, a "severe" impairment. Id. at 3. Ms. Ekeren reported her daily activities. See Docket 18 ¶ 42. She testified about her day-

to-day schedule, her subjective pain and her physical activities. Id. at ¶¶ 43-46. Ms. Ekeren reported "it hurt to bend and she could not kneel to clean floors of [sic] vacuum," "she . . . had difficulty dressing, bathing, and grooming," and "she could no longer rock hunt, hike, ski, exercise, go for long walks, garden, or sit in a car for very long." Id. at ¶ 42. She also "reported pain with lifting, squatting, bending, standing, walking, sitting, kneeling, and stair climbing." Id. Ms. Ekeren's own testimony is inconsistent with and contrary to Dr. Anderson's report that she "could frequently lift and carry up to ten pounds, occasionally lift and carry up to 20 pounds. . . . could sit, stand, and walk for 30 minutes each. . . . could sit for two hours and stand and walk for one hour each. . . . could only occasionally push/pull, operate foot controls, climb stairs/ramps, stoop, kneel, and crouch." Id. at ¶ 41.

The ALJ concluded Ms. Ekeren "has not provided credible evidence or objective medical evidence to corroborate her assertions that she has to lie down several times a day or would not be able to work more than 4 hours a day." (AR, p. 21). The court must "defer to an ALJ's credibility finding[s] as long as the ALJ . . . gives a good reason [for those findings]." Schultz v. Astrue, 479 F.3d 979, 983 (8th Cir. 2007) (internal citation and quotation marks omitted).

The ALJ's credibility finding may be upheld when it is "supported by good reasons and substantial evidence." Gonzales v. Barnhart, 465 F.3d 890,

894 (8th Cir. 2006). The ALJ properly cited the factors relevant to judging a claimant's subjective complaints.

> The Regulations provide the following factors that must be considered in such evaluation by the Administrative Law Judge: (i) the claimant's activities of daily living; (ii) the location, duration and frequency and intensity of pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness and side effects of medications taken to alleviate pain or the other symptoms; (v) treatment, other than medication, for the relief of pain or other symptoms; (vi) any measures other than medication used to relieve pain or the other symptoms; and (vii) any other factors concerning functional limitations and restrictions due to pain or other symptoms produced by the medically determinable impairments (SSR 85-16); See also Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

(AR, p. 17). "The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered." Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004). The ALJ properly considered Ms. Ekeren's subjective complaints of pain and found they were not credible in light of the medical record. (AR pp. 17-18 and 21).

Ms. Ekeren challenges the testimony of Mr. Tysdal, a vocational expert, who testified at the evidentiary hearing. (Docket 25, p. 2). Testimony from a vocational expert constitutes substantial evidence when the testimony is "based on a properly phrased hypothetical question . . . ." Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005) (citing Haggard v. Apfel, 175 F.3d 591, 595 (8th Cir. 1999)). The hypothetical question should include all of the claimant's impairments that are supported by substantial evidence in the record as a whole. Id. ("A hypothetical question . . . is sufficient if it sets forth impairments

16

supported by substantial evidence in the record and accepted as true.") (internal citation and quotation marks omitted). See also Finch v. Astrue, 547 F.3d 933, 937 (8th Cir. 2008). However, "the hypothetical question need not frame the claimant's impairments in the specific diagnostic terms used in medical reports, but instead should capture 'the concrete consequences' of those impairments." LaCroix, 465 F.3d at 889 (citing Roe v. Chater, 92 F.3d 672, 676-77 (8th Cir. 1996)). The ALJ is not required to include limitations in the hypothetical question which are not supported by the record. Forte v. Barnhart, 377 F.3d 892, 897 (8th Cir. 2004) (the "fact that the ALJ omitted from his hypothetical question those aspects of [claimant's] subjective complaints that the ALJ considered non-credible does not render the question faulty.") (citing Harvey v. Barnhart, 368 F.3d 1013, 1016 (8th Cir. 2004).

The ALJ's hypothetical question was proper in content and identified the impairments supported by the substantial evidence in the record:

> [I]n terms of lifting and carrying, to the sedentary level, . . . . Standing and/or walking would be limited to between two and four hours in an eight-hour day with normal breaks. Sitting would be about six hours in an eight-hour day with normal breaks. They would need to work where they could alternate between sitting or standing and walking every half an hour to three-quarters of an hour if need be. Any pushing or pulling would be at the level at lift and carry. They should only occasionally have to go up or down stairs or steps, but never ladders, ropes, scaffolds, things of that nature. They could frequently balance, and at least occasionally stoop, kneel, crouch, or crawl. Work would need to be performed where they're not subjected to concentrated exposure to extreme cold and no exposure to hazards like the ladders, ropes, scaffolds, things of that nature.

(Docket 18 ¶ 48). The hypothetical question posed to Mr. Tysdal was consistent with the ALJ's determination of Ms. Ekeren's RFC and the limitations suggested by both Dr. Anderson[9] and Dr. Larry Vander Woude, a state agency physician, who conducted a record review.[10]

Mr. Tysdal testified such an individual should be able to perform the jobs of laboratory tester, customer order clerk, secretary, and customer complaint clerk. Id. Ms. Ekeren bears the burden of proving her inability to return to her past relevant work. Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (citing Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004) ("A disability claimant has the burden to establish her RFC."). The ALJ must find her "not disabled if she retains the residual functional capacity to perform: (1) the actual functional demands and job duties of a particular past relevant job; or (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy." Jones v. Chater, 86 F.3d 823, 826 (8th Cir. 1996).

Based on the substantial evidence in the record as a whole, the ALJ found Ms. Ekeren was able to perform her past relevant work as a customer

---

[9]See page 12 supra, citing Docket 18 ¶ 41.

[10]Dr. Vander Woude reported Ms. Ekeren "could perform light work with at least two hours of standing and or walking in an eight-hour workday and sitting for about six hours in an eight-hour workday with periodic alternating between sitting and standing. . . . would be limited in walking and standing to four hours per day. . . . could never climb ladders, ropes, or scaffolds and only occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl." (Docket 18 ¶ 36).

order clerk, a secretary, and a customer complaint clerk.[11] (Docket 18 at ¶ 3). Because Ms. Ekeren can perform her past relevant work, she was not disabled. 20 CFR §§ 404.1520(f) and 416.920(f). "[The ALJ] will compare our [RFC] assessment . . . with your past relevant work . . . . If you can still do this kind of work, [the ALJ] will find that you are not disabled." Id.

The court finds substantial evidence in the record as a whole supports the Commissioner's decision. Choate, 457 F.3d at 869. The court further concludes no error of law was committed and the decision of the Commissioner should be affirmed. Smith, 982 F.2d at 311.

## ORDER

Based upon the above analysis, it is hereby

ORDERED that plaintiff's motion (Docket 24) is denied.

IT IS FURTHER ORDERED that pursuant to sentence four of 42 U.S.C. § 405(g) the decision of the Commissioner is affirmed.

Dated March 31, 2011.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

---

[11]Ms. Ekeren argues the ALJ improperly considered Mr. Tysdal's testimony because Mr. Tysdal stated Ms. Ekeren could perform the work of a laboratory tester, which requires light exertion, as opposed to sedentary exertion. (Docket 25, p. 2). The ALJ properly discounted that portion of Mr. Tysdal's testimony and found her capable of doing only the sedentary work identified.